STEMBLER AND FORD, INC. *v.* MAYOR AND COMMON COUNCIL OF CAPITOL HEIGHTS, MARYLAND

[No. 81, September Term, 1959.]

114

*Decided December 11, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Jerrold V. Powers,* with whom were *Sasscer, Clagett & Powers* on the brief, for appellant.

*William H. McCullough,* with whom was *William T. Pace* on the brief, for appellee.

PRESCOTT, J., delivered the opinion of the Court.

The question involved in this appeal is a narrow one, and

not difficult of solution. It is, as stated by the appellant, "whether the tax sought to be collected [is] valid and constitutional, in the fact of its alleged discriminatory effect."

The case originated as an action at law in the Circuit Court for Prince George's County by the Mayor and Common Council of Capitol Heights (hereinafter called the "Town") to collect money alleged to be due the Town by Stembler & Ford, Inc., (Corporation) for business personal property taxes for the years 1954, 1955 and 1956. The only question raised was the validity of the taxes. Testimony was taken before the Court, without a jury. Both parties rested upon the evidence of the Town officials. The Court thereafter ruled that the taxes for each year were valid and collectible, and judgment was entered against the Corporation, which brings this appeal.

It is conceded that under Code (1957), Article 81, Section 8, the Town had the authority to levy taxes upon tangible personal property located within the Town for ordinary taxes, and it is pointed out that Section 12 provides that town taxes shall be levied upon assessments made by the County Commissioners of the county in which the town is situated, but the town shall have the right to assess any escaped taxable property within its limits.

The formal actions taken by the Town in levying the taxes were as follows:
For 1954,

> "Mr. Campbell made a motion tax levy be set at $.75 per 100 at present tax rate, *real estate and personal property taxes,* seconded by Mr. Hochman and carried." (Emphasis supplied.)

For 1955,

> "Mr. Campbell made a motion the Town maintain the present tax rate of $.75 per 100 for the fiscal year on all *real, personal and intangible property.* [No question is raised in this case concerning intangible property.] Seconded by Mr. Ennis. Motion carried." (Emphasis supplied.)

And for 1956,

> "It was voted to set the tax rate for 1956 at the same rate it has been, $.75 per 100."

The appellant first claims that the Town did not, at any time, arrive at a tax rate by considering its entire taxable base in relation to its revenue needs for the ensuing year and then making its levy according to its needs. This, probably, is true; but, no matter how desirable this course suggested by the appellant might have been, the question was one of legislative policy not to be reviewed by the Courts, unless statutory or constitutional limitations were infringed.

The appellant's main contention is that the levies were made by the Town *with the intention* that the taxes imposed would only be upon real estate generally, and tangible personal property belonging to incorporated businesses; hence, they were discriminatory, unconstitutional and void, insofar as they applied to personal property. And, in support of this contention, the Corporation introduced, without objection, the testimony of the Mayor and one Councilman, who stated that it was their understanding that the levies for the years in dispute were not to apply to tangible personal property other than that owned by corporations; and that the Town had not attempted to collect any business personal property taxes for the years involved other than from corporate owners. The appellant concedes that the "mere administrative failure to collect a levied tax does not invalidate that tax, nor make it discriminatory," but claims that this failure to collect taxes should be considered in determining legislative intent.

This Court stated in *Rogan v. B. & O. R. R. Co.,* 188 Md. 44, 53; 52 A. 2d 261:

> "The cardinal rule of statutory construction is that the intention of the Legislature must be sought first of all in the words of the statute itself. If these words convey a clear and sensible meaning, the statute must be enforced exactly as it stands, and cannot be varied by reason of any considerations found out-

side the statute or based on mere conjecture. If the language of a statute is open to either of two constructions, the court should adopt that construction which will best tend to make the statute effectual and produce the most beneficial results." [1]

And, if the language is plain and free from ambiguity and has a definite and sensible meaning, such is *conclusively* presumed to be the meaning of the legislative body in enacting the statute or ordinance. *Celanese Corporation v. Davis,* 186 Md. 463, 470, 47 A. 2d 379.

While we do not think the levies made by the Town as set out above are models in either clarity or precision, we do think they "convey a clear and sensible meaning." They clearly set a tax rate for each of the years involved of seventy-five cents per one-hundred dollars of assessable property of the Town. The levies for 1954 and 1955 specifically refer to real and personal property; and, if it can be said that the levy of 1956 is "open to either of two constructions" because it fails specifically to refer to real and personal property, there can be little doubt that the construction we give it, *viz.,* that it does apply to both real and personal property, is the one which "best tend[s] to make the statute effectual and produce[s] the most beneficial results." When construed in this manner, the levies taxed all property alike; hence, there was no discrimination.[2] We hold that the levies made by the Town for 1954, 1955 and 1956 were valid and non-discriminatory levies upon all of the real and personal property subject to taxation by the Town, *i.e.,* its assessable basis.

*Judgment affirmed with costs.*

---

1. This is but one of a long line of Maryland cases to the same effect. For one of the more recent cases, see Board of Sup. v. Weiss, 217 Md. 133, 136, 141 A. 2d 734, and for the complete line of cases, see the Maryland Digest, Statutes, Sec. 190.

2. This case is unlike Benner v. Tribbitt, 190 Md. 6, 22, 57 A. 2d 346. There, it was held that the testimony of the Commissioners of Denton was competent and pertinent to show the action of the Commissioners in denying a permit for a filling station was arbitrary and capricious, not, as is here attempted, to change the effect of ordinances that of and by themselves "convey a clear and sensible meaning."